UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| SCOTT CUSATIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-188 |
| | ) | |
| FRANK BISIGNANO, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Scott Cusatis seeks judicial review of the Social Security Administration's denial of his application for Disability Insurance Benefits (DIB).

## I. GOVERNING STANDARDS

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it."

1

*Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014); *see also Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) ("Substantial evidence . . . is 'more than a mere scintilla.' [Cit.] It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (citations omitted)). Under the substantial evidence test, "findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments

> meet or medically equal a listed impairment. *Id.* § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the [residual functional capacity ("RFC")] to perform her past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015).

At steps four and five, the ALJ assesses the claimant's RFC and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004), *superseded by regulation on other grounds*, 20 C.F.R. § 404.1520c, *as stated in Jones v. Soc. Sec. Admin.*, 2022 WL 3448090, at *1 (11th Cir. Aug. 17, 2022). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a)); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step."

3

*Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

## II.   BACKGROUND

Cusatis, born September 6, 1959, tr. 44-45, applied for DIB on February 13, 2020, alleging disability beginning October 15, 2016, due to a traumatic brain injury, post-traumatic stress disorder, major depressive disorder, and problems with his back, hands, left leg, and right ankle. Tr. 10, 60-61, 194-204. 226. He completed at least four years of college and has past relevant work as a fiberglass boat finisher, industrial groundskeeper, and sales route driver. Tr. 20, 53-54, 227, 243-44.

The ALJ found Cusatis' polysubstance abuse and depression to be severe impairments,[1] tr. 13, but determined they did not meet or medically equal a Listing, tr. 13-15. The ALJ then found that Cusatis retained the RFC to perform a full range of work at all exertional levels, except only occasional public contact. Tr. 15-20. The ALJ determined that Cusatis could perform his past relevant work as a fiberglass boat

---

[1] The ALJ found Cusatis' left knee osteoarthritis and history of hepatitis C to be non-severe. Tr. 13.

finisher, industrial groundskeeper, and sales route driver. Tr. 20-21. Therefore, he was found to be not disabled. Tr. 21.

Because the Appeals Council denied Cusatis' request for review, tr. 1-6, the ALJ's February 9, 2023 decision, tr. 7-26, is the final decision of the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) ("When, as in this case, the ALJ denies benefits and the [Appeals Council] denies review, [courts] review the ALJ's decision as the Commissioner's final decision."). Cusatis filed the instant lawsuit seeking judicial review of the ALJ's decision. *See generally* doc. 1; *see also* 42 U.S.C. § 405(g). The parties have submitted their briefs, docs. 13, 14, & 15, and the matter is ripe for disposition. *See* Rule 5, Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g) ("The action is presented for decision by the parties' briefs.").

### III. ANALYSIS

Cusatis argues the ALJ failed to develop the record regarding his mental health impairments. Doc. 13 at 6-10. At the second step, the ALJ found Plaintiff had the severe mental impairments of polysubstance abuse and depression. Tr. 13. Agency regulations require a "special technique" be used by the ALJ when evaluating

5

mental impairments, *Moore*, 405 F.3d at 1213, which requires an assessment regarding how the claimant's mental impairments impact four broad functional areas, also referred to as "paragraph B" criteria: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. § 404.1520a(c)(3). In rating the degree of limitation, the Agency employs a five-point scale in evaluating Plaintiff's limitations in each of the paragraph B criteria: none, mild, moderate, marked, and extreme. 20 C.F.R. § 404.1520a(c)(4). When considering a claimant's mental impairments, the ALJ must incorporate into the written decision the pertinent findings and conclusions based on the technique and must make a specific finding as to the degree of limitation for each of the paragraph B criteria. *Moore*, 405 F.3d at 1213-14; 20 C.F.R. § 404.1520a(e)(4).

The ALJ conducted this analysis at the third step. Tr. 13-15. She found Plaintiff had no limitation in understanding, remembering, or applying information, a moderate limitation in interacting with others, a mild limitation in concentrating, persisting, or maintaining pace, and

a mild limitation in adapting or managing for oneself. Tr. 13-15. Because Plaintiff's mental impairments did not cause at least two "marked" limitations, the "paragraph B" criteria were not satisfied and the ALJ determined the identified mental impairments did not meet or medically equal a listing. Tr. 15.

As the ALJ noted, tr. 15, the paragraph B findings are not an RFC assessment. *See Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1325 (11th Cir. 2021) ("The ALJ's analysis as to the Paragraph B criteria is part of steps two and three of the sequential analysis; it is distinct from the more detailed inquiry as to a claimant's RFC at step four."). As discussed above, at step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." *Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 870 n. 5 (11th Cir. 2012) (citations omitted). The ALJ must consider all record evidence about all the claimant's impairments, including those that are not severe, and must consider

statements about what a claimant can do from medical sources and the claimant. 20 C.F.R. §§ 404.1545(a); 416.945(a).

The ALJ considered the record and determined that Cusatis had the RFC to perform a full range of work at all exertional levels, with the non-exertional limitation of only occasional public contact. Tr. 15-20. In doing so, the ALJ cited extensively to Cusatis' mental health treatment records from late 2016, *see* tr. 17, and throughout 2017, 2018, 2019, 2020, and 2021, tr. 18-19. After a thorough review of these records, the ALJ determined that "[t]he record contains no medical evidence as required by [20 C.F.R.] 404.1505 of any mental impairment which persisted at a disabling level of severity for 12 continuous months." Tr. 20. Although Cusatis' treatment records did reveal a history of depression and substance abuse, the ALJ found that "his frustration and low mood occurred only intermittently," and that the treatment notes documented that Cusatis "consistently displayed intact memory, attention, and cognition and he worked, even during times of substance abuse. His sleep, appetite, and mood all improved with treatment and medication, and his complaints were generally about interpersonal issues." *Id.* Therefore, she considered his psychological

complaints and limited him to work involving only occasional interaction with others. *Id.* As for his substance abuse, because his mental limitations did not result in disabling functional limitations, the materiality of his substance abuse was not at issue. *Id.* (citing Social Security Ruling 13-2p).

Cusatis challenges the agency's final decision because the ALJ did not rely on any medical opinion evidence in determining his mental limitations. Doc. 13 at 7. He does, however, acknowledge that the ALJ referenced the opinions from DDS medical consultants and psychological consultants, who all found Cusatis had no severe impairments. *Id.* (citing tr. 66, 77); *see also* tr. 20 (ALJ's discussion of the opinions of the medical consultant and psychological evaluators). He points out that the ALJ, during the hearing, noted that a consultative evaluation was scheduled for a later date, and that "there is no evidence as to what happened with this examination after the close of the hearing." Doc. 13 at 7-8. In Cusatis' view, the ALJ committed reversible error by failing to develop the record by obtaining a mental health opinion. *Id.* at 8-10.

9

>As the Eleventh Circuit has explained:
>
>>It is well-established that the ALJ has a basic duty to develop a full and fair record. 20 C.F.R. § 416.912(d) (stating that "[b]efore we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application"); *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir.1995). Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim. *See* 20 C.F.R. § 416.912(a) (stating that "[claimant] must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s)"); 20 C.F.R. § 416.912(c) (stating "[y]our responsibility. You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say you are disabled").

*Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The Eleventh Circuit has also held that, because of the Agency's duty to develop a full and fair medical record, "it is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." *Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir. 1988) (quoting *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (internal quotations omitted)).

The Defendant argues, correctly, that a consultative examination is not required where the record contains sufficient evidence for the ALJ to make an informed decision. Doc. 14 at 5 (citing *Doughty*, 245 F.3d at

10

1281; *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999)). Therefore, Defendant argues, remand is not warranted because the ALJ's decision is based on substantial evidence. *Id.* at 6. That argument is not entirely incorrect; the ALJ's decision cites heavily to Plaintiff's treatment records to support the RFC and ultimate determination of no disability, and but for the ALJ's own comments, the decision would appear to be based on substantial evidence. *See* tr. 15-20. However, Plaintiff's argument rests not solely on the absence of a consultative examination, but on the ALJ's express declaration, during the hearing, that she had "hoped to get a consultative psychological evaluation from Mr. Cusatis," that the examination was scheduled for a date after the hearing, and that she "will be considering those results when they are received." Tr. 43. Despite that commentary, the ALJ's decision is devoid of any reference to the examination, or any discussion of why the ALJ determined the results were no longer necessary for her to consider. *See generally* tr. 10-21; *see also* tr. 20 (discussing the findings of the Agency's psychological evaluators, without referencing any results from any consultative examination).

11

Plaintiff compellingly articulates why this case is distinguishable from the cases cited by the Defendant. Doc. 15 at 2-4. As Plaintiff's reply summarizes, "the ALJ acknowledged the need for a consultative examination, and the ALJ never claimed to have changed her mind, but she nevertheless reached a decision without that evidence." *Id*. at 4. It is the absence of *any* acknowledgment by the ALJ in the hearing decision of the absent consultative examination that calls her decision into question. Instead, the record reflects the ALJ ordered the evaluation, "hoped" to have the results, and committed to considering the results once received. Tr. 43. Absent some explanation from the ALJ, it therefore appears that she recognized the evaluation was necessary and then failed to follow up on the needed evaluation. Relying on the Eleventh Circuit's holding in *Holladay* and *Reeves*, it appears that failure is reversible error. *See Holladay*, 848 F.2d at 1209; *Reeves*, 734 F.2d at 522 n. 1.; *cf. Brown*, 44 F.3d at 935 (finding reversible error where ALJ agreed to procure a medical record "but no such document was made a part of the record").

## IV.   CONCLUSION

Because the ALJ recognized a need for a consultative examination and then failed to include any discussion of its absence from her decision, the Commissioner's final decision should be **REVERSED** and this case should be **REMANDED** for further proceedings.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 28th day of August, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA