UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SCOTT CUSATIS,                        )
                                      )
            Plaintiff,                )
                                      )
v.                                    )        CV424-188
                                      )
FRANK BISIGNANO,                      )
                                      )
            Defendant.                )

## REPORT AND RECOMMENDATION

Plaintiff Scott Cusatis seeks attorney's fees under the Equal Access to Justice Act. Doc. 21. The Defendant has not responded, *see generally* docket, indicating no opposition to the motion. S.D. Ga. L. Civ. R. 7.5. For the reasons set forth below, it is **RECOMMENDED**[1] that Plaintiff's motion be **GRANTED**, in part, and **DENIED**, in part. Doc. 21.

## I.    BACKGROUND

After considering the parties' briefs in this social security appeal, the Court reversed the Commissioner's final decision and remanded this

---

[1] The Federal Rules of Civil Procedure establish that the Court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Fed. R. Civ. P. 54(d)(2)(D). When considering a dispositive pretrial matter assigned "without the parties' consent," pursuant to Rule 72, "[t]he magistrate judge must enter a recommended disposition." Fed. R. Civ. P. 72(b)(1).

case to the Social Security Administration for further proceedings. *See* doc. 18 (R&R); doc. 19 (Order); doc. 20 (Judgment). Plaintiff then filed the instant motion requesting $7,678.04 in attorney's fees. Doc. 21 at 1.

## II.   ANALYSIS

"Under the EAJA, a party that prevails against the United States in court may be awarded fees . . . if the government's position in the litigation was not 'substantially justified.'" *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 28 U.S.C. § 2412(d)(1)(A)). A plaintiff who wins remand pursuant to sentence four of 42 U.S.C. § 405(g) is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). A prevailing party may file a motion for attorney's fees under the EAJA up to 90 days after entry of judgment. *Newsome v. Shalala*, 8 F.3d 775, 779 (11th Cir. 1993). Where an award is appropriate, the Court must also determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rate, and the resulting fees are all reasonable. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988).

Plaintiff is a prevailing party, *see* doc. 19, and her request is timely, *see* doc. 20 (Judgment entered September 15, 2025); doc. 21

(Motion filed December 11, 2025).  The Commissioner has not filed a response contending that the agency's position was substantially justified.  *See generally* docket; *see also* doc. 22-6 at 2; *Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir. 1987) ("The government bears the burden of showing that its position was substantially justified."). The Court should find that Plaintiff is entitled to an award pursuant to the EAJA.

The Court should also find that the requested fees are reasonable. EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate.  *Jean*, 863 F.2d at 773.  In the Eleventh Circuit, "[t]he court, either trial or appellate, is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ."  *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quotation marks and citations omitted).  Under the EAJA, fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an

increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

First, the number of hours expended on this case by Plaintiff's counsel appears reasonable. Counsel requests fees for 27.3 hours of attorney work and 6.6 hours of paralegal work. *See* doc. 22 at 2; doc. 22-1 at 5; doc. 22-3. The transcript in this case totaled 1,639 pages, *see* doc. 10-1 at 2-5, and counsel and staff distilled that record down into a concise, persuasive brief, doc. 13, and prepared a compelling reply brief, doc. 15. The Court should find that the time spent, as documented in counsel's billing ledger, was reasonable. *See* doc. 22-3.

Plaintiff's lawyers seek fees at an hourly rate of $250.32 for 2024 and $254.81 for 2025, which was calculated by applying the Consumer Price Index cost-of-living increase for each year to the statutory limit of $125. *See* doc. 22 at 2; *see also* docs. 22-2 (Consumer Price Index and CPI Calculations). A cost-of-living increase is specifically mentioned in the EAJA as a factor justifying a higher hourly rate. *See* 28 U.S.C. § 2412(d)(2)(A). The Court should approve counsel's proposed attorney hourly rates as reasonable.

Plaintiff asks that counsel's paralegals' time be reimbursed at a rate of $125 per hour.  Doc. 22 at 2.  There is nothing provided to support the reasonableness of the requested hourly rate for the paralegals' time.  *See generally* doc. 22.  In 2019, this Court determined that an hourly rate of $75 for paralegals was reasonable and rejected the request for $96.88.  *See Holton v. Saul*, 2019 WL 6040184, at *2 (S.D. Ga. Nov. 13, 2019).  There, as here, the request was silent as to the paralegal's customary billing rate.  *Compare id., with* doc. 22.  Absent any justification from Plaintiff for a higher hourly rate, the Court should find, as it did in *Holton*, that $75 is a reasonable hourly rate for the paralegals' time.  *Holton*, 2019 WL 6040184, at *2.

Applying the above-discussed hourly rates to the total amount of reasonable hours expended, the Court should award Plaintiff[2] $7,348.04

---

[2]  Plaintiff's motion indicates that Plaintiff has assigned payment of EAJA fees to his counsel.  Doc. 22 at 1-2; *see also* doc. 22-1.  In *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), the Supreme Court held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States."  Based on *Ratliff*, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees."  *Bostic v. Comm'r of Soc. Sec.*, 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011).  The Court should award the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States, and leave it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt."  *Bostic*, 858 F. Supp. 2d at 1306; *see also Robinson v. Comm'r of Soc. Sec.*, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015)

in attorney's fees, comprised of $5,757.36 for 23 hours of attorney time at a rate of $250.32 per hour, $1,095.68 for 4.3 hours of attorney time at a rate of $254.81 per hour, and $495.00 for 6.6 hours of paralegal time at a rate of $75 per hour.

## III.  CONCLUSION

For the foregoing reasons, the Court should **GRANT**, in part, and **DENY**, in part, Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act.  Doc. 21.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and

(allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury").

recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 8th day of January, 2026.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA